UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| QUINTEC FILMS, CORPORATION, TERRY JONES, CHARLES M. LEONARD, and MANULI STRETCH USA, INC. | ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Case No. 4:06-cv-78 |
| PINNACLE FILMS, INC., | ) ) | Judge Mattice |
| *Defendant.* | ) ) | |

## MEMORANDUM AND ORDER

Plaintiffs Motion for Leave to File a Third Amended Complaint is presently before the Court. (Court Doc. 99, Pls.' Mot. to Amend.) Plaintiffs seek to correct Plaintiff Jones' home address and to clarify that Plaintiff Manuli is the sole Plaintiff asserting claims against Defendant. Plaintiffs also seek leave to add additional counts of infringement based upon the corrected versions of the patent at issue, U.S. Patent No. 6,265,055 (the '055 patent). Subsequent to the issuance of the Second Reexamination Certificate, the United States Patent and Trademark Office ("USPTO") issued two certificates of correction: (1) the June 10, 2009 Certificate of Correction, and (2) the July 17, 2009 Certificate of Correction.

Defendant Pinnacle Films, Inc. ("Defendant Pinnacle") contends that "Plaintiffs' proposed supplemental claims are not effective in this case because they are based upon patent claims that were amended by Certificates of Correction that issued after suit was filed." (Court Doc. 112, Def.'s Resp. to Pls.' Mot. to Amend.) Defendant Pinnacle also filed a brief surreply which contends that Claim 1 cannot be asserted against it in this lawsuit as a matter of law. (Court Doc. 118-1, Def.'s Surreply.) It is mistaken. While it is true that the

certificate of correction is not effective in causes arising before the issuance of the certificate of correction, the United States Court of Appeals for the Federal Circuit has explained, "each act of infringement gives rise to a separate cause of action." *E.I. Du Pont De Nemours & Co. v. Macdermid Printing Solutions*, 525 F.3d 1353, 1362 (Fed. Cir. 2008); *Sw. Software, Inc. v. Harlequin, Inc.*, 226 F.3d 1280, 1295 (Fed. Cir. 2000). Accordingly for "causes of action that arise before the correction becomes effective, the patent must be considered without the benefit of the certificate of correction." *Cordan CE Corp. v. Amazon.com, Inc.*, No. 06-491, 2009 U.S. Dist. LEXIS 64986, at * 8 (D.Del. July 28, 2009). Conversely, "for causes of action arising after the [USPTO] issues a certificate of correction, the certificate of correction is to be treated as part of the original patent, i.e. as if the certificate had been issued along with the original patent." *Sw. Software, Inc.*, 226 F.3d at 1295.

Thus, Plaintiffs are entitled to assert three distinct counts of infringement: (1) infringement of the claims of the '055 patent as they were initially issued after the Second Patent Reexamination; (2) infringement of the claims of the '055 patent as they appear in the USPTO's June 2, 2009 Certificate of Correction; and (3) infringement of the claims of the '055 patent as they appear in the USPTO July 14, 2009 Certificate of Correction.

Accordingly, Plaintiffs' Motion for Leave to File a Third Amended Complaint is **GRANTED**. (Court Doc. 99, Pls.' Mot. to Amend.) Defendant Pinnacle's Motion to Amend/Revise Answer to Amended Complaint is hereby **DENIED** as **MOOT**. (Court Doc. 92, Def.'s Mot. to Amend/Revise.) Defendant Pinnacle, however, may file its response to Plaintiffs' Third Amended Complaint in accordance with the Court's Local Rules and the Federal Rules of Civil Procedure.

SO ORDERED this 18th day of September, 2009.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE