UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| QUINTEC FILMS, CORPORATION, TERRY JONES, CHARLES M. LEONARD, and MANULI STRETCH USA, INC. | ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Case No. 4:06-cv-78 |
| PINNACLE FILMS, INC., | ) ) | Judge Mattice |
| *Defendant*. | ) ) | |

## MEMORANDUM AND ORDER

Plaintiffs Quintec Films Corporation ("Quintec"), Terry Jones ("Jones") and Charles M. Leonard ("Leonard" and collectively "Plaintiffs Quintec, Jones, and Leonard"), have moved to dismiss the instant case pursuant to Rule 41(a)(2) and to allow Manuli Stretch USA, Inc. ("Manuli") to proceed as the sole Plaintiff in this action. [Court Doc. 74, Mot. to Dismiss.] Defendant Pinnacle Films, Inc. ("Defendant Pinnacle") contends that the instant motion is premature and have filed a Motion to Strike Plaintiffs' Motion to Dismiss. [Court Doc. 78, Mot. to Strike.]

For the reasons explained below Defendant Pinnacle Films, Inc.'s Motion to Strike Plaintiffs' Motion to Dismiss [Court Doc. 78, Mot. to Strike] is **DENIED** and Plaintiffs' Quintec, Jones, and Leonard Motion to Dismiss pursuant to Rule 41(a)(2) [Court Doc. 74] will be **GRANTED** in part and **DENIED** in part. Plaintiffs' Motion to Dismiss and Strike Defendant Pinnacle's Amended Counterclaims is **MOOT**. [Court Doc. 90.]

**I.     LEGAL STANDARD**

As Defendant Pinnacle previously filed an answer, and object to the dismissal of this

action, Plaintiff may only dismiss its case with permission of the Court. *See* Rule 41(a)(1)-(2) of the Federal Rules of Civil Procedure. Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." According to the United States Court of Appeals for the Sixth Circuit, "[w]hether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). A district court must determine whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* at 718 (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). In making this determination, the district court should consider such factors as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718.

## II.    FACTS

Plaintiffs filed the instant patent litigation suit, which alleges that Defendant Pinnacle infringed U.S. Patent No. 6,265,005 (the '055 patent), on December 21, 2006. (Court Doc. 1, Compl.) Plaintiffs claim that prior to filing the instant suit, Terry Jones, the co-inventor of the '055 patent, assigned his interest in the '055 patent to his co-inventor, David Simpson. (Court Doc. 75, Mem. in S. Mot. to Dismiss at 2-3.) David Simpson, in turn, assigned his right, title, and interest in the '055 patent to Charles M. Leonard. (*Id.*) At this time, Quintec was granted an exclusive license in the '055 patent. Quintec and Manuli then

-2-

Case 4:06-cv-00078   Document 122   Filed 09/18/09   Page 2 of 9   PageID #: 1253

entered into a subsequent Asset Purchase Agreement whereby Quintec sold, transferred, conveyed, assigned, and delivered substantially all of its assets, including Quintec's rights to the '055 patent. On November 26, 2007, pursuant to the Asset Purchase Agreement, Quintec, Leonard, and Jones entered into a Termination of Licence. (*Id.*) Jones and Leonard then entered into an agreement wherein they assigned all of the right, title, and interest in the '055 patent to Manuli, together with the right to enforce the '055 patent and the right to recover for all infringement, including any past infringement. (*Id.*) This patent assignment was recorded with the U.S. Patent and Trademark Office. (*Id.*)

Defendant Pinnacle claims that Plaintiffs engaged in several questionable license transfers which have created doubt as to whether Leonard and Quintec had any title to the '055 patent or had standing in this case. (Court Doc. 84, Def.'s Resp. Br. 6-7.) Defendant Pinnacle also alleges that Plaintiffs was aware of this standing issue but failed to disclose it in a timely manner. (*Id.*) Defendant Pinnacle requests that the Court "order dismissal *with prejudice* of Quintec, Jones and Leonard as Plaintiffs based on a lack of initial standing and misconduct." (*Id.* at 14.) Neither party, however, disputes that Jones, Leonard, Quintec do not have any right, title or interest in the '055 patent at this juncture or that Manuli should proceed as a Plaintiff in the instant case.

### III. ANALYSIS

#### A. Defendant Pinnacle's Motion to Strike

Defendant Pinnacle's Motion to Strike is governed by Rule 12(f) of the Federal Rules of Civil Procedure. Under Rule 12(f), a court may strike from any "pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. Rule

12(f). Defendant Pinnacle contends that the instant motion to dismiss is premature and that it ought to have the right to amend its pleadings to assert any available counterclaims and affirmative defenses against Manuli. (Def.'s Mot. to Strike at 1-3.) The Court notes, however, motions to dismiss do not constitute "pleadings" in the context of Rule 7(a) of the Federal Rules of Civil Procedure, and thus are not subject to motions to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Accordingly, the Court will **DENY** Defendant Pinnacle's Motion to Strike. (Court Doc. 78, Def.'s Mot. to Strike.)

### B. Plaintiffs Quintec, Jones, and Leonard's Patent Infringement Claim

Plaintiffs Quintec, Jones, and Leonard all contend that they should be dismissed from the instant case because they have no rights to the '055 patent at this juncture. In essence, these Plaintiffs contend they currently lack standing to sue Defendant Pinnacle for infringing the '055 patent. In order for a federal court to have subject matter jurisdiction over the Plaintiffs' claims, they must have standing to sue. *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002). In order to establish that she has standing, a plaintiff must demonstrate that (1) she suffered an "injury in fact," (2) there is a causal connection between the injury and the conduct complained of, and (3) it is likely that the injury will be redressed by a favorable decision of the court. *Id.* Standing is a jurisdictional requirement that cannot be waived and must be maintained throughout the course of a case. *Id.*

More specifically, with regard to patent cases, standing is a jurisdictional question. *Rite-Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1551 (Fed. Cir. 1995). To bring suit for patent infringement, the plaintiff must have legal title to the patent and "come forward with specific

-4-

facts to support its claim of ownership, and this evidence must be sufficient. . . to infer that [Plaintiff] holds title to the patent." *TM Patents, L.P. v. Int'l B Machines Corp.,* 121 F. Supp. 2d 349, 358, 367 (S.D. N.Y. 2000). Generally, a patentee has presumptive title to an invention and standing to sue for infringement. *See Beech Aircraft Corp. v. Edo Corp.,* 990 F.2d 1237, 1248 (Fed. Cir. 1993). However, "assignment of a future invention divests the inventor-assignor of ownership of the invention and automatically vests ownership of the invention, when invented in the assignee." *Imatec, Ltd. v. Apple Computers, Inc.,* 81 F. Supp. 2d 471, 481 (S.D. N.Y. 2000); *aff'd,* No. 00-1262, 15 Fed. App'x 887, 2001 U.S. App. LEXIS 16841 (Fed. Cir. July 26, 2001). Thus, if an inventor assigned the rights in his future inventions, the inventor does not have standing to sue for infringement of its patent. *Id.*; *see also FilmTec Corp. v. Allied-Signal Inc.,* 939 F.2d 1568, 1572 (Fed. Cir. 1991).

In the instant case, after the rights to the '055 patent were assigned to Manuli, Plaintiffs Quintec, Jones, and Leonard lacked any "personal stake" in the outcome of the litigation. Therefore, these Plaintiffs all lack standing at this juncture. *Gollust v. Mendell*, 501 U.S. 115, 126 (1991) ("the plaintiff must maintain a 'personal stake' in the outcome of the litigation throughout its course" to have standing.).

Since the Court has concluded that Plaintiffs Quintec, Jones, and Leonard all lack standing to sue Defendant Pinnacle for infringement at this juncture, the Court now turns to the question of whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)).

In order to determine whether Defendants will suffer plain legal prejudice, the Court should consider four factors: (1) Defendants' effort and expense of preparation of trial; (2) excessive delay and lack of diligence on the part of Plaintiffs in prosecuting the action; (3) the sufficiency of Plaintiffs' explanation for the need of the dismissal; and (4) whether Defendants have filed motions for summary judgment. *Maldonado v. Thomas M. Cooley Law Sch.,* 65 F. App'x 955, 956 (6th Cir. 2003) (citing *Grover,* 33 F.3d at 718). This Court does not need to resolve every factor in Plaintiffs favor to find that dismissal without prejudice is warranted. *Tyco Labs., Inc. v. Koppers Co.,* 627 F.2d 54, 56 (7th Cir. 1980). The factors are intended as guidance and discretion ultimately rests with the Court. *Id.*

Although a summary judgment motion is pending, the Court does not believe the dismissal of Plaintiffs who lack standing will prejudice Defendant Pinnacle. At the time of Plaintiff's motion, the Court had not yet entered a scheduling order for this action. Thus, it is not apparent that Defendant Pinnacle had incurred significant expense in preparation for trial. Plaintiffs Quintec, Jones, and Leonard have also offered a reasonable explanation for this motion – they all lack standing.

Moreover, there is no evidence of prejudicial delay. While the instant case was pending and when the various transfers in title occurred among the Plaintiffs, this case was stayed because the '055 patent was subjected to reexamination proceedings before the United States Patent and Trademark Office. [Court Doc. 40, Oct. 31, 2007 Order to Stay; Court Doc. 45, Nov. 4, 2008 Order to Stay.] Defendant Pinnacle's summary judgment motion relies upon the findings of the patent reexamination proceedings and seeks to address the underlying merits of this case, namely whether it infringes the amended claims '055 patent. [Court Doc. 52, Mot. for Sum. J.] Thus, the Court finds that Plaintiffs' actions

-6-

did not unnecessarily delay this case.  Finally, as discussed *infra*, Defendant Pinnacle is not prevented from pursuing attorney's fees against Plaintiffs and defending itself from any infringement allegations.  Accordingly, the Court will **DISMISS WITHOUT PREJUDICE** Plaintiffs' Quintec, Jones, and Leonard infringement claims against Defendant Pinnacle.

### C. Defendant Pinnacle's Counterclaims Pursuant to 35 U.S.C. § 285 and State Law Counterclaims Against Plaintiffs Quintec, Jones, and Leonard

Defendant Pinnacle also seeks to recover attorneys fees pursuant to 35 U.S.C. § 285, which allows a prevailing party in exceptional cases to obtain attorneys fees.  (Court Doc. 82, Count IV.)  Defendant also asserts fraud and civil conspiracy state law counterclaims against Plaintiffs Quintec, Jones, and Leonard.  (Def.'s Second Amend. Compl. ¶¶ 2, 140-147.) Plaintiffs Quintec, Jones, and Leonard contend Defendant Pinnacle lacks standing to pursue such counterclaims.

Section 1338 provides district courts with original jurisdiction over any civil action "arising under any Act of Congress relating to patents," which extends to "those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 809 (1988).  A claim for attorneys fees arising under 35 U.S.C. § 285 was one of "four issues of federal patent law [that had been held] substantial enough to satisfy the jurisdictional test" under 28 U.S.C. § 1338.  *Sony Elecs., Inc. v. Soundview Techs.,* 375 F. Supp. 2d 99, 104-105  (D. Conn. 2005).

In the instant case, Defendant Pinnacle's counterclaim for attorneys fees confers jurisdiction upon this Court because it was pled as a distinct count instead of as part of its prayer for relief. Compare *Sony Elecs., Inc.*, 375 F. Supp. 2d at 102-105 (noting that "regardless of whether a Section 285 counterclaim may be an independent source of jurisdiction, moreover, here Sharp has not pled such a counterclaim. Sharp has pled 'exceptional case' not as a counterclaim, but rather as part of its prayer for relief.")

For example, in *H.R. Technologies, Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1386 (Fed. Cir. 2002), the United States Court of Appeals for the Federal Circuit reversed the district court's decision to dismiss Astechnologies' counterclaims after dismissing HRT's infringement complaint for lack of standing, finding that "the standing defect . . . had no effect on the remaining counterclaims." The Federal Circuit reasoned that "regardless of patent ownership, it was not improper for Astechnologies to assert that the counterclaims [under]… section 285 attorney fees against HRT." Moreover, because two of those counterclaims were within the district court's federal question jurisdiction, the state law claim that was before the court based on supplemental jurisdiction did not have to be dismissed when the original complaint was dismissed. Accordingly, Defendant Pinnacle's counterclaim under 35 U.S.C. § 285, as well as its state law counterclaims against Plaintiffs Quintec, Jones, and Leonard, shall remain.

## IV.    CONCLUSION

Having considered all the facts and circumstances of this case, the Court finds that the balance of factors outlined above weighs in favor of dismissal of Plaintiffs' Quintec, Jones, and Leonard claims against Defendant Pinnacle. Accordingly, Defendant Pinnacle's

Motion to Strike [Court Doc. 78] is **DENIED**, and Plaintiffs' Quintec, Jones, and Leonard Motion to Dismiss pursuant to Rule 41(a)(2) [Court Doc. 74] is **GRANTED** in part and **DENIED** in part. Plaintiffs Quintec, Jones, and Leonard's infringement claims against Defendant Pinnacle are hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' Motion to Dismiss and Strike Defendant Pinnacle's Amended Counterclaims is **MOOT.** [Court Doc. 90.] Defendant Pinnacle's Counterclaims against Plaintiffs Quintec, Jones, and Leonard for Attorney's Fees pursuant to 25 U.S.C. § 285 shall remain pending.

SO ORDERED this 18th day of September, 2009.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE