UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| MANULI STRETCH USA, INC., | ) | |
| | ) | |
|     *Plainiff/Counter-Defendant*, | ) | Judge Mattice |
| | ) | |
| v. | ) | Case No. 4:06-cv-78 |
| | ) | |
| PINNACLE FILMS, INC., | ) | |
| | ) | |
|     *Defendant/Counter-Plaintiff* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| QUINTEC FILMS CORPORATION, | ) | |
| TERRY JONES, and | ) | |
| CHARLES M. LEONARD, | ) | |
| | ) | |
|     *Counter-Defendants.* | ) | |

## **MEMORANDUM AND ORDER**

The following motions are presently before the Court: (1) Defendant Pinnacle Films, Inc.'s Motion for Summary Judgment on Invalidity (Court Doc. 212); (2) Defendant Pinnacle Films, Inc.'s Motion for Summary Judgment on Non-Infringement (Court Doc. 216); (3) Plaintiff Manuli Stretch USA, Inc.'s Motion for Summary Judgment on Inequitable Conduct (Court Doc. 219); and (4) Counterclaim Defendants Quintec Films Corporation's, Terry Jones', and Charles M. Leonard's (collectively "Counterclaim Defendants)" Motion for Summary Judgment Regarding Pinnacle's Counterclaim for Attorney's Fees (Court Doc. 209). Jurisdiction over this action is pursuant to 28 U.S.C. § 1331 and is not in dispute.

For the reasons explained below, Defendant Pinnacle Films, Inc.'s Motion for Summary Judgment on Invalidity (Court Doc. 212) will be **DENIED**; (2) Plaintiff Manuli Stretch USA, Inc.'s Motion for Summary Judgment on Inequitable Conduct will be **DENIED** (Court Doc. 219); and (3) Counterclaim Defendants Quintec Films Corporation's, Terry Jones', and Charles M. Leonard's Motion for Summary Judgment Regarding Pinnacle's Counterclaim for Attorney's Fees will be **GRANTED** (Court Doc. 209). The Court will **RESERVE RULING** on Defendant Pinnacle's Motion for Summary Judgment Regarding Infringement. (Court Doc. 216.)

I.   **LEGAL STANDARD**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may meet this burden either by producing evidence that demonstrates the absence of a

genuine issue of material fact or by simply " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  To refute such a showing, the nonmoving party may not simply rest on its pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *see Anderson*, 477 U.S. at 249.  The nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute.  *Celotex*, 477 U.S. at 322.  A mere scintilla of evidence is not enough.  *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party.  *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907.  If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment.  *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

When parties have filed cross-motions for summary judgment, the standard of review remains the same.  *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).  "The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. Rather, the court must evaluate each party's motion on its own merits, taking care in each

instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.*

## II. FACTS

The facts, viewed in the light most favorable to the respective non-movants, are as follows.

Counter-Defendants Terry Jones and Charles M. Leonard are the named inventors of the '055 patent, which is titled "Multilayer Stretch Cling Film." (Court Doc. 156-1, the '055 patent.) According to the abstract of the '055 patent, this invention provides "[a] novel multi-layer stretch film comprising at least 7 layers and having excellent mechanical properties and stretch film performance, comprising two outer, or skin layers that have moderate to high controlled cling and low blocking characteristics, and at least five internal layers to assist in producing mechanical strength and stretchability." (*Id.*) The '055 Patent contains two independent claims, Claim 1 and Claim 28, while the remaining claims all depend upon Claim 1 and 28. (See U.S. Patent No. 6,265,055 at Col. 9 Line 40 to Col. 12 Line 65.)

In commercial packing art, individual articles are frequently packaged using "stretch cling film in a stretch wrapping technique." '055 Patent Col. 1, Lines 10-14. In "the stretch wrapping technique, a thin web of film is stretched and applied under tension around the articles to be wrapped or bundled ... and thus applie[s] a compressive force on the bundled articles prohibiting movement." *Id.* "It is desired that the stretch film will have some inherent cling such that it will adhere to itself, and prevent relaxation back to its unstretched state so that the film will not unwrap and cause slippage of the stretched overlaid film layers." *Id.* The instant patent infringement action was filed on December 21, 2006. During the course of this case, however, the '055 patent was subjected to three separate patent

reexamination proceedings before the United States Patent and Trademark Office ("USPTO"). Two of the three reexamination proceedings resulted in changes to Claims 1 and 28 of the '055 patent. Presently, the '055 patent contains two independent claims, Claim 1 and Claim 28, while the remaining claims (Claims 2-27, 29-35), all depend on Claim 1 or Claim 28. Although a third reexamination proceeding is currently pending before the USPTO, this Court has concurrent jurisdiction over the instant patent dispute litigation.

## III.   ANALYSIS

On August 6, 2010, the Court issued a Claim Construction Memorandum and Order (Court Doc. 282) that defined the disputed claim terms in the '055 patent.  Currently, the original parties have each filed two motions for summary judgment.  Defendant Pinnacle filed a Motion for Summary Judgment on the issue of validity of the '055 patent.  Defendant Pinnacle contends that claims 1 and 28 of the '055 patent are invalid for lack of compliance with the enablement and written description requirements of 35 U.S.C. § 112.  (Court Doc. 212, Mot. for Sum. J. Invalidity.)   Defendant Pinnacle also filed a Motion for Summary Judgment on the issue of infringement.  (Court Doc. 216, Mot. for Sum. J. Infringement.) Defendant Pinnacle's Motion for Summary Judgment on Infringement contends that its products do not infringe the '055 patent, either literally or under the doctrine of equivalents. (*Id.* at 1-2.)

Plaintiff Manuli filed a summary judgment motion which seeks to dismiss Defendant Pinnacle's inequitable conduct counterclaim.  (Court Doc. 19, Mot. Sum. J. Inequitable Conduct.)   It contends that there is no evidence to support this claim and Defendant Pinnacle's allegations are "nothing more than works of fiction."  (Court Doc. 20, Manuli's Summ. J. Inequitable Conduct Br. at 1-2.)  Counterclaim Defendants Quintec Films, Terry

Jones, and Charles M. Leonard also filed a motion for summary judgment, which seeks to dismiss Defendant Pinnacle's attorney's fees counterclaim. (Court Doc. 268, Mot. Summ. J. Attorney's Fees.) They contend that Defendant Pinnacle cannot recoup its attorney's fees against them because it did not "prevail" against them. (Court Doc. 269, Counterclaim Defs.' Summ. J. Br. Attorney's Fees at 1-2.)

The Court will address the merits of each of the above-mentioned motions for summary judgment, in turn, below.

### A. Defendant Pinnacle Films, Inc.'s Motion for Summary Judgment on the Issue of Invalidity (Court Doc. 212)

Defendant Pinnacle's summary judgment motion on invalidity contends that all of the claims of the '055 patent are "invalid for lack of compliance with 35 U.S.C. § 112. (Court Doc. 212, Mot. for Summ. J. Invalidity at 1-2.) Specifically, Defendant Pinnacle contends the claim language in independent claims 1 and 28, namely *"at least having a cling performance of at least 100 grams per inch*," is indefinite and/or not enabled, rendering the patent invalid under 35 U.S.C. § 112, first paragraph. (*Id.*)

The enablement requirement is satisfied if the patent teaches a person skilled in the art at the time the patent application was filed how to make the claimed invention without undue experimentation. *In re Wands*, 858 F.2d 731, 736-37 (Fed. Cir. 1988). Enablement is a legal conclusion based on underlying factual considerations. *Id.* at 737. The party alleging invalidity bears the burden of proving by clear and convincing evidence that the claims are invalid for lack of enablement. *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1359 (Fed. Cir. 1998). A patent must contain a written description of the claimed invention in "full, clear, concise, and exact" terms. 35 U.S.C. § 112, P. 1. Indefiniteness

requires a determination whether those skilled in the art would understand what is claimed. To make that determination, "general principles of claim construction apply." *Young*, 492 F.3d at 1346 (quoting *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1348 (Fed. Cir. 2005)).

"In that regard, claim construction involves consideration of primarily the intrinsic evidence, viz., the claim language, the specification, and the prosecution history." *Id.* When a "word of degree" is used, the court must determine whether the patent provides "some standard for measuring that degree." *Seattle Box Co., Inc. v. Indus. Crating & Packing, Inc.*, 731 F.2d 818, 826 (Fed. Cir. 1984). Similarly, when a claim limitation is defined in "purely functional terms," a determination of whether the limitation is sufficiently definite is "highly dependent on context (e.g., the disclosure in the specification and the knowledge of a person of ordinary skill in the relevant art area)." *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1255 (Fed. Cir. 2008).

Defendant Pinnacle contends that the language *"at least having a cling performance of at least 100 grams per inch,"* fails to comply with the enablement requirements because it only applies to "one outer layer of the claimed multi-layer stretch wrap film, not to the film itself." Court Doc. 214, Def. Pinnacle's Invalidity Summ. J. Br. at 3. Defendant Pinnacle contends that, although cling performance of a multi-layer film can be measured, it is not possible to measure or test the cling performance of an outer layer of a multi-layer film. *Id.* at 7. It further contends that a skilled artisan would not know the cling performance of the outer layer of the multi-layer film because the cling performance of the outer layer can be influenced, positively or negatively, by the adjacent inner layer (subskin layer). In sum, Defendant Pinnacle contends that a person of ordinary skill in the art could not determine

the bounds of the claims based on a reading of the specification, prosecution history, or knowledge of the skilled artisan. *Id.*

When an alleged infringer attacks the validity of an issued patent, the burden of persuasion is on the attacker to prove invalidity by clear and convincing evidence. *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1375 (Fed. Cir. 1986); *Ralston Purina Co. v. Far-Mar-Co, Inc.*, 772 F.2d 1570, 1573 (Fed. Cir. 1985).

To satisfy the written description requirement, the inventor must describe the later claimed invention "in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date sought." *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997). While the inventor need not describe the claimed subject matter in precisely the same terms as found in the claims at issue, the prior application must "convey with reasonable clarity to those skilled in the art that, as of the filing date sought, [the inventor] was in possession of the invention." *Eiselstein v. Frank*, 52 F.3d 1035, 1038 (Fed. Cir. 1995). Compliance with the written description requirement is a question of fact. *Id.*

Plaintiff Manuli disputes Defendant Pinnacle's contention that claims 1 and 28 of the '055 patent are not enabled. It contends that the '055 patent specification explicitly provides a test for measuring cling performance:

> The overall properties of the stretch wrap film of the present invention are such that they have a cling force at 0% elongation of about 100 grams to about 300 grams as measured according to AST 5458.

Court Doc. 251, Manuli's Resp. Br. Invalidity at 2.

Plaintiff Manuli points out that the test disclosed in the '055 patent specification was established by the American Society for Testing and Materials (the "ASTM"). It contends that this is the test for determining cling performance that would be regularly used by those of ordinary skill in the art. *Id.* Plaintiff Manuli also points out that the '055 patent explicitly teaches "[w]hen only one layer is used for cling performance, the stretch film of the present invention may be used as a differential cling film." '055 Patent Col. 3, Lines 51-53. The '055 patent further explains that "[d]ifferential cling films are beneficial because the outer layer with cling properties (the 'cling layer') adheres to the film itself and secures the load, while the outer layer without cling properties (the 'slip layer') does not attempt to cling to other objects, such as neighboring unitized wrapped loads." '055 Patent Col. 5, Line 56 to Col. 6, Line 4.

Plaintiff Manui argues that one of ordinary skill in the art, upon studying the claims and specification of the '055 patent, would have a very clear understanding of the term "*two outer layers, at least one of which having a cling performance of at least 100 grams/inch.*" Manuli Resp. Br. Invalidity at 9. In particular, Manuli argues that one of skill in the art would readily understand this term to mean that one or both of the outer layers are used for cling performance. *Id.* Next, Plaintiff Manuli points out that skilled artisans would understand cling performance is measured with reference to a test surface. *Id.* Finally, Manuli points out that the cling performance can be measured according to known methods in the art, including the ASTM standard that is explicitly identified in the '055 patent specification. *Id.*

Viewing the evidence in the light most favorable to the non-movant, there are significant factual disputes that cannot be resolved at this juncture. Accordingly, the Court

will **DENY** Defendant Pinnacle Films, Inc.'s Motion for Summary Judgment on Invalidity. (Court Doc. 212.)

### B. Defendant Pinnacle's Motion for Summary Judgment Regarding Infringement (Court Doc. 216)

Defendant Pinnacle's non-infringement summary judgment motion argues that its product does not infringe the '055 patent. (Court Doc. 216.) Plaintiff Manuli contends that the issue of infringement is premature because neither party has taken expert discovery regarding the Court's recent claim construction ruling. (Court Doc. 268, Pl.'s Resp. Br. Infringement at 2.)

The scope of a patent, which is determined by construing the patent, is a question of law. *Studiengesellschaft Kohle mb H v. Eastman Kodak Co.*, 616 F.2d 1315, 1324 (5th Cir. 1980), cert. denied, 449 U.S. 1014, 101 S. Ct. 573, 66 L. Ed. 2d 473 (1980). However, "(the) issue of patent infringement is a question of fact…." *Id.* at 1322. Generally, a claim is not limited to the embodiments described in the specification unless the patentee has demonstrated a "clear intention" to limit the claim's scope with "words or expressions of manifest exclusion or restriction." *Liebel-Flarsheim*, 358 F.3d at 906; see also *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1327 (Fed. Cir. 2002). By the same token, not every benefit flowing from an invention is a claim limitation. *Verizon Servs. Corp. v. Vonage Holdings Corp.,* 503 F.3d 1295, 1302-03 (Fed. Cir. 2007).

A determination of infringement requires a two-step analysis. "First, the court determines the scope and meaning of the patent claims asserted, and then the properly construed claims are compared to the allegedly infringing device." *Cybor*, 138 F.3d at 1454 (citations omitted). "A finding is 'clearly erroneous' when although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

The Court agrees with Plaintiff Manuli that, pursuant to the Order Modifying the Scheduling Order, the parties are entitled to a five-week period of expert discovery following the Court's August 6, 2010 Claim Construction Memorandum and Order. (Court Doc. 154.) The parties do not dispute that this case involves complex technology. Although expert evidence is not always necessary to resolve questions of patent infringement, expert testimony is necessary to establish infringement where, as here, complex technology is at issue. *Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1369-70 (Fed. Cir. 2004). Accordingly, the Court will **RESERVE RULING** on Defendant Pinnacle's Motion for Summary Judgment Regarding Infringement. The parties are hereby **ORDERED** to file sur-reply briefs on the issue of infringement by no later than **September 17, 2010.**

### C. Plaintiff Manuli's Motion for Summary Judgment Regarding Defendant Pinnacle's Inequitable Conduct Counterclaim (Court Doc. 219)

Plaintiff Manuli contends that there is no evidence to support Defendant Pinnacle's counterclaim for inequitable conduct because there is no evidence that the inventors intended to deceive the PTO in any respect. (Court Doc. 220, Pl. Manuli's Br. Inequitable Conduct at 1-3.) Defendant Pinnacle, however, contends that the inventors of the '055 patent failed to disclose material information and made misrepresentations to the USPTO in support of patentability. (Court Doc. 256, Def. Pinnacle's Resp. Br. Conduct at 2.)

The evidentiary standard for determining whether there was inequitable conduct in

obtaining a patent that is otherwise valid was set forth by the United States Court of Appeals for the Federal Circuit in *Kingsdown Medical Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867 (Fed. Cir. 1988). The court explained that "[t]o be guilty of inequitable conduct, one must have intended to act inequitably," and held that "[i]nequitable conduct resides in failure to disclose material information, or submission of false material information, with an intent to deceive, and those two elements, materiality and intent, must be proven by clear and convincing evidence." *Id.* at 872. Mistake or negligence, even gross negligence, does not support a ruling of inequitable conduct. *Id.* at 876.

The elements of a conclusion of inequitable conduct, intent and materiality, are questions of fact and must be proven by clear and convincing evidence. *J.P. Stevens & Co., Inc. v. Lex Tex Ltd., Inc.*, 747 F.2d 1553, 1559 (Fed. Cir. 1984). "Although it is not impermissible to grant summary judgment on inequitable conduct," the Federal Circuit nonetheless " 'urges caution' in making an inequitable conduct determination at the summary judgment stage." *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*, 439 F.3d 1335, 1340 (Fed. Cir. 2006) (internal citation omitted). Since the inequitable conduct inquiry revolves around issues of intent and materiality, disputed triable questions of fact are normally implicated, making the issue not particularly well-suited for resolution on a motion for summary judgment. *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.,* 984 F.2d 1182, 1190 (Fed. Cir. 1993).

In this instance, there is disputed evidence in the record as to whether the inventors of the '055 patent engaged in inequitable conduct before the USPTO. Defendant Pinnacle offered substantial testimonial evidence that certain declarations submitted to the USPTO were "either seriously misinformed or fabricat[ed] false statements." Def. Pinnacle's Resp.

Br. Inequitable Conduct at 9-11.  Defendant Pinnacle also presents evidence of inequitable conduct pertaining to certain responses provided to the USPTO during the reexamination of the '055 patent.  *Id.* at 15-17.

Viewing this evidence in the light most favorable to the non-movant, there are significant factual disputes that cannot be resolved at this juncture.  Accordingly, the Court will **DENY** Plaintiff Manuli's Motion for Summary Judgment Regarding Defendant Pinnacle's Inequitable Conduct Counterclaim (Court Doc. 219)

>    **D.    Counterclaim Defendants Quintec Films, Jones, and Leonard's Motion for Summary Judgment Regarding Defendant Pinnacle's Exceptional Case Claim Pursuant to 35 U.S.C. § 285 (Court Doc. 209)**

Counterclaim Defendants Quintec Films, Jones, and Leonard's Motion for Summary Judgment Regarding Defendant Pinnacle's Counterclaim for Attorney's Fees seeks to dismiss Defendant Pinnacle's attorney's fees claims against them.  They contend that, pursuant to 35 U.S.C. § 285, there is no underlying claim on which Pinnacle can prevail against them because they assigned their rights to the '055 patent to Manuli.  (Court Doc. 210, Counterclaim Defs.' Br. Attorney's Fees at 1-2.)  Defendant Pinnacle contends that 35 U.S.C. § 285 confers its own independent basis for jurisdiction over this claim and that the Counterclaim Defendants failed to address the allegations of litigation misconduct. (Court Doc. 250, Def. Pinnacle's Resp. Br. Attorney's Fees at 2.)  It also contends that it is not "impossible" for Pinnacle to be a "prevailing party" against the Counterclaim Defendants. (*Id.*)

Under 35 U.S.C. § 285, the Court has the discretion to award attorneys' fees and reasonable litigation expenses to a prevailing party when the Court deems a case to be

"exceptional." 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). Although there is no statutory standard for determining "exceptional" cases, the Federal Circuit has held a case is "exceptional" where there is evidence of "bad faith and willful infringement" or "litigation misconduct and unprofessional behavior." *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002).

In this instance, the facts of the case prevent Defendant Pinnacle from pursuing its 35 U.S.C. § 285 counterclaim against Counterclaim Defendants Quintec Films, Jones, and Leonard. The Counterclaim Defendants lacked standing to pursue their infringement claim against Defendant Pinnacle because they no longer had the rights to the '055 patent. At this juncture, there is no legal relationship between these parties and Defendant Pinnacle. It is well-established that, pursuant to 35 U.S.C. § 285, a "plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendants' behavior in a way that directly benefits the plaintiff." *Gentry Gallery, Inc. v. Berkline Corporation*, 134 F.3d 1473, 1480 (Fed. Cir. 1998).

Based on the existing facts, there is no basis upon which Defendant Pinnacle can prevail against Counterclaim Defendants Quintec Films, Jones, and Leonard. Accordingly, the Court will **GRANT** Counterclaim Defendants Quintec Films, Corporations, Terry Jones, and Charles M. Leonard's Motion for Summary Judgment Regarding Pinnacle's Counterclaim for Attorney's Fees (Court Doc. 209).

## IV.   CONCLUSION

For the reasons explained above Defendant Pinnacle Films, Inc.'s Motion for

Summary Judgment on Invalidity (Court Doc. 212) is **DENIED**; (2) Plaintiff Manuli Stretch USA, Inc.'s Motion for Summary Judgment on Inequitable Conduct is **DENIED** (Court Doc. 219); and (3) Counterclaim Defendants Quintec Films, Corporation's, Terry Jones', and Charles M. Leonard's Motion for Summary Judgment Regarding Pinnacle's Counterclaim for Attorney's Fees is **GRANTED** (Court Doc. 209).

The Court will **RESERVE RULING** on Defendant Pinnacle's Motion for Summary Judgment Regarding Infringement. (Court Doc. 216.) The parties are hereby **ORDERED** to file sur-reply briefs on the issue of infringement by no later than **September 17, 2010.**

SO ORDERED this 12th day of August, 2010.

                                                      _/s/Harry S. Mattice, Jr._
                                                      HARRY S. MATTICE, JR.
                                                     UNITED STATES DISTRICT JUDGE